ROSE EMBROIDERY CORP. et al., Respondents, *v.* ZACHARY L. FREEDMAN, as President of Bonnaz & Hand Embroiderers, Tuckers, Stitchers and Pleaters Union, Local 66, I.L.G.W.U., et al., Appellants.

*Per Curiam.* The plaintiffs seek to enjoin the defendant union from picketing their establishments or places of business.

On an application for a temporary injunction the Special Term found a disputed issue as to whether the object of the picketing was to compel the plaintiff employers to recognize the defendant as bargaining agent for the plaintiffs' employees, even though such employees had not as yet lawfully

selected the union to represent them, or whether the picketing was merely directed towards the unionizing of the plaintiffs' employees. Without resolving this dispute or making any finding in this respect, the Special Term granted an injunction *pendente lite* on the theory that the balancing of convenience and the prevention of harm required such relief, while representative proceedings were pending before the National Labor Relations Board. It relied on *Goodwins, Inc.,* v. *Hagedorn* (303 N. Y. 300) as controlling authority in the situation of this case.

In the *Goodwins* case (*supra*) there was no dispute that the picketing had an unlawful objective. Unless such a finding is required upon the papers before us, we must remit the matter for a hearing. We think that it is not so clear upon the affidavits that the picketing had an unlawful objective, to warrant summary relief, although the manner of conducting the picketing involved acts of violence and disorder warranting intervention by the court (see *Art Steel Co.* v. *Velazquez,* 280 App. Div. 76) and even indicating an unlawful objective.

The plaintiffs' affidavits show that upwards of 150 pickets participated at each shop. There was wild screaming, vituperative utterances, threats of physical violence and actual interference with access to plaintiffs' shops. The defendant's answering affidavits allege that the picketing was peaceful and that the presence of police officers makes the violence improbable. They fail, however, to set forth the actual number of pickets participating or any facts supporting their denials.

While some of us would be disposed to reverse the order for a temporary injunction, in the absence of disorderly conduct on the union's part and in the absence of any finding concerning the object of the picketing from which it could be discerned whether the purpose was unlawful, pending an immediate trial of the issue as to the lawful or unlawful objective of the picketing, the existence of disorder warrants the continuance of a temporary injunction. Accordingly, an immediate trial of the action is directed to determine the purpose of the picketing, whether lawful or unlawful, and whether all picketing should or should not be permanently enjoined.

The order appealed from should be affirmed. Settle order.

Peck, P. J., Callahan, Van Voorhis and Breitel, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents. Settle order on notice.